OPINION OF THE COURT
Martin Rodell, J.
The petitioner brings this action to set aside the election of the directors of the respondent Flushing Federal Savings and Loan Association. Said election was held on January 18, 1978.
The petitioner alleges the following: (1) That the meeting was illegally held and conducted, and that the election results were illegally certified; (2) The votes cast by proxy for directors elected were void because of the failure of the respondent to permit the petitioner to inspect and examine them; (3) That the proxies offered by the petitioner for certain candidates for directorships were illegally refused, and thus could not be voted; (4) That Kenneth Tully, elected as a director, was ineligible for such office due to his 90-day default on an obligation to the respondent bank; (5) That the means of the directors, employees and agents of the association in obtaining proxies were fraudulent, illegal and against public policy; (6) That the inspectors of the election chosen by the association failed in their statutory duties under section 611 of the Business Corporation Law to determine the validity and effect *881 of the proxies, said duties having been illegally assumed by the association; (7) That the said election was violative of the charter and by-laws of the association, in that each member was allowed to cast up to 150 votes, whereas a member is entitled to no more than 50 votes; (8) That the chair of the meeting wrongfully instructed that proxy votes must be voted in bulk and not separately; (9) That the chairman of the meeting was a candidate for re-election as a director and as such was biased and ineligible to conduct the meeting; (10) That the petitioner was denied the opportunity to examine the elected directors as to their qualifications to serve in the position for which they sought election.
It appears that these objections were raised at the meeting.
The respondent challenged the jurisdiction of the court, averring that the respondent is a Federal Savings and Loan Association, organized and existing under the laws of the United States of America, and that said association and the controversy herein is governed by section 1464 of title 12 of the United States Code, and by the regulations of the Federal Home Loan Bank Board. Thus, the respondents contend that this matter rests under the exclusive jurisdiction of the Federal court.
State courts have sufficient jurisdiction over Federally chartered associations to determine the rights of members. (Matter of Ochs v Washington Hgts. Fed. Sav. & Loan Assn., 17 NY2d 82.) When State courts deal with the internal affairs of Federal Savings and Loan Associations they apply Federal law. (Murphy v Colonial Fed. Sav. & Loan Assn., 388 F2d 609.) Accordingly, this court finds that it has jurisdiction over the matter and that Federal law where applicable shall prevail.
The matter was tried before the court without a jury, the respondents appearing by counsel and the petitioner, an attorney himself, pro se. During several days of trial, both sides presented witnesses to the court and evidence was adduced.
The respondent herein is a Federal Savings and Loan Association, chartered by the Federal Home Loan Bank Board, pursuant to section 1464 of title 12 of the United States Code.
On January 18, 1978, at the annual membership meeting of the association, three directors of the association were elected, to wit: Stanley C. Pearson (the president of the association), John J. Hogan and Kenneth A. Tully, all being incumbent directors. An opposition slate, comprising the following candidates, was defeated in the contested election: Thomas T. *882 McVann, Jr., Margaret Baily, and Charles W. Featherstone, Jr.
The defeated candidates were proposed by the petitioner, who "managed” their election effort and ensuing proxy fight.
According to the by-laws of the association, voting at the annual or special meeting may be by proxy, "providing such proxies shall have been placed on file with the Secretary of the Corporation for verification at least 5 days prior to the date on which such meeting shall convene.” (Official Charter and By-Laws, Flushing Federal Savings and Loan Association, 12[c].)
According to the evidence adduced, the proxies to be voted by the management of the association were kept in the office of the president, Stanley Pearson. Said proxies were turned over to the secretary of the association, Richard Brothers, for verification, as were proxies submitted by the petitioner in behalf of his candidates.
The by-laws of the association are silent as to the method by which the secretary is required to verify the proxies. The evidence indicated that the proxies were turned over to members of the association staff to check against the members’ accounts in order to ascertain the number of votes allowable for each member. The report on each proxy was delivered to Mr. Brothers, who signed the report. The court finds no merit in the petitioner’s allegation that the election must be set aside inasmuch as Mr. Brothers failed to personally verify each and every proxy.
The petitioner alleges that pursuant to section 611 of the Business Corporation Law, it was the duty of inspectors of the election to verify the proxies prior to the election.
The inspectors, Jess Brown, John Alfino and Kenneth Solomon, each testified that they had taken the oath of office as inspector of election, and had carried out various duties in regard to the running of the election of January 18, 1978. However, none of the inspectors took any part in the procedure verifying the proxies voted.
Section 611 of the Business Corporation Law states as follows: "The inspectors shall determine the number of shares outstanding and the voting power of each, the shares represented at the meeting, the existence of a quorum, the validity and effect of proxies, and shall receive votes, ballots or consents, hear and determine all challenges and questions arising *883 in connection with the right to vote, count and tabulate all votes, ballots or consents, determine the result, and do such acts as are proper to conduct the election or vote with fairness to all shareholders. On request of the person presiding at the meeting or any shareholder entitled to vote thereat, the inspectors shall make a report in writing of any challenge, question or matter determined by them and execute a certificate of any fact found by them. Any report or certificate made by them shall be prima facie evidence of the facts stated and of the vote as certified by them. L. 1961, c. 855, eff. Sept. 1, 1963.”
The respondent argues that for the inspectors to be made privy to the membership lists and amounts in the various members’ accounts would be a violation of Federal law, to wit: part 544 of title 12 of the Code of Federal Regulations and section 1464 of title 12 of the United States Code. The court has examined the statutes pleaded by the respondents and finds no language mandated for the verification of proxies or language prohibiting the inspectors from undertaking such activity.
The rights of members in Federal Savings and Loan Associations are analogous to those of a corporate shareholder. (Kupiec v Republic Fed. Sav. & Loan Assn., 512 F2d 147.)
It is elementary that the petitioner as a minority shareholder is entitled to enjoy all the rights enumerated in section 611 of the Business Corporation Law. There being no Federal law in that area, the State law must prevail. The court finds as a matter of fact that the requirements of section 611 of the Business Corporation Law were not met, in that the proxies were not properly verified.
Sample proxies voted by the management were received in evidence and inspected by the court.
The court found as follows: (a) A number of proxies were valid for the period of 40 years; (b) A number of proxies called for no time limit other than "from year to year until this proxy is cancelled”; and (c) A number of proxies were altered by the management after the date of execution.
The court finds that the use of the foregoing proxies affected the outcome of the election, and in their absence a different result might have been achieved. The court also finds that the objections raised in this proceeding were duly raised at the time of the said election.
*884 Section 609 of the Business Corporation Law states as follows:
"(a) Every shareholder entitled to vote at a meeting of shareholders or to express consent or dissent without a meeting may authorize another person or persons to act for him by proxy.
"(b) Every proxy must be signed by the shareholder or his attorney-in-fact. No proxy shall be valid after the expiration of eleven months from the date thereof unless otherwise provided in the proxy. Every proxy shall be revocable at the pleasure of the shareholder executing it, except as otherwise provided in this section.”
The Federal Home Loan Bank Board regulations at 12 CFR 569.2 state as follows:
"Every form of proxy solicited on or after December 1, 1971, by any person shall conform to the following requirements:
"(a) The proxy shall be revocable at will by the person giving it. The power to revoke may not be conditioned on any event or occurrence or be otherwise limited; except that, in the case of a proxy relating to capital stock if such proxy is coupled with an interest, states such fact on its face, and is valid under the laws of the State in which it is to be exercised, such proxy may be made irrevocable to the extent permitted by such State law.
"(b) The proxy may not be part of any other document or instrument (such as an account card).
"(c) The proxy shall be clearly labeled 'Revocable Proxy’ in boldface type (at least as large as 18 point.)”
Federal Home Loan Bank Board regulations have the force and effect of a statute. (City Fed. Sav. & Loan Assn. v Crowley, 393 F Supp 644.)
Four of the sample proxies which were submitted to the court were signed in 1964, some five years before the effective date of 12 CFR 569.2. Said proxies bear an overstamp "Revocable Proxy.” The vice-president of the respondent association testified that he did not recall when such legend was stamped on the proxies. The court finds that these proxies, not being in the same form as they were when signed, are invalid. A change in the text of such an important document, made after its execution, without any proof whatsoever of the consent by the signator to such change, of necessity renders the document invalid.
The year-to-year proxies, being violative of section 609 of *885 the Business Corporation Law, are invalid. They are also invalid due to the change of text after execution.
The court appreciates that an election should not be lightly set aside. However, the court believes that the right of a shareholder to vote is a basic property right which should be vigorously protected by the court. The right to vote is so intimately related to share ownership that the court should not permit itself to be an idle spectator or a disinterested witness when matters so patently offensive are called to its attention.
The mandate of the Legislature is clear as to the life span of a proxy. Section 609 of the Business Corporation Law permits it to 11 months. Even where provision is made for an irrevocable proxy, the Legislature has mandated that a three-year limitation is applicable in that instance. (Business Corporation Law, § 609, subd [g].)
It is apparent that the use of a 40-year proxy precluded a free and unfettered election. The results of the election were preordained at the moment the management removed its proxies from the safe-deposit box where they were kept from year to year. Thus, the election itself was a mere charade and no stockholders could cast a meaningful vote; the end result was the perpetuation in office of the board of directors.
The court finds that the other contentions raised by the petitioner are without merit. The contention that Kenneth Tully was ineligible to be elected as a director was not sustained. It appears that Kenneth Tully was the owner of certain real property upon which the bank had issued a mortgage. He had been in default for a period of time in the payment of taxes. It appears that the bank paid the taxes in his behalf and added said sum to the principal of the mortgage. This is not the type of default contemplated by the statute to deprive an individual from holding office. It was merely an internal bank decision and the court will not interfere with same. Thus, the court does find that Kenneth Tully is not precluded from holding the office of director by reason of said default.
In view of the foregoing the court is constrained to find that the election of January 18, 1978 must be set aside. The election of Stanley C. Pearson, John J. Hogan and Kenneth A. Tully is hereby vacated. New elections should be held and the proxies, if utilized, shall be in compliance with the applicable State and Federal statutes.